Argued and submitted December 10, 1984, affirmed February 6, 1985

# STATE OF OREGON,
*Appellant,*

*v.*

# RONALD ROSCOE SMITH,
*Respondent.*

(C8311 35217; CA A32453)

694 P2d 1013

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Christine A. Ferris, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant is charged with possession of cocaine, a controlled substance, in violation of ORS 475.992. The State appeals from a pretrial order granting defendant's motion to suppress on the ground that the evidence was seized in violation of Article I, section 9, of the Oregon Constitution and the Fourth and Fourteenth Amendments to the United States Constitution. We affirm.

On November 1, 1983, Portland police officers Krohn and Bigeagle lawfully stopped a vehicle and arrested Mr. Owens for driving while suspended. Owens was placed in the rear of a police vehicle. Defendant was the only passenger in the Owens vehicle. Krohn asked Owens for permission to search the vehicle, and permission was denied. Krohn testified that he decided to conduct an "inventory search" for valuables, because the car was to be locked and left at the scene. Defendant was then asked to leave the vehicle and stand with Bigeagle some distance away.

Krohn entered the vehicle and removed from the back seat a brown vinyl flight bag. He placed the bag on top of the vehicle. Krohn told defendant that Owens was being taken to jail and asked if defendant had any property in the vehicle. Defendant said that he had clothes in the flight bag and, if Owens was going to be taken to jail and the vehicle locked, he wanted to take his clothes. Krohn testified that he then unzipped the flight bag and glanced inside for his own safety to insure that there were no weapons in the bag. He saw a glass "free base pipe," which he immediately recognized as paraphernalia commonly used for the inhalation of cocaine. Krohn allowed defendant to remove his clothes and, as he did, Krohn saw a baggie with a white powdery substance, which appeared to be cocaine. Defendant denied that the pipe and powder were his and allowed Krohn to search the bag further. He found additional narcotics paraphernalia, advised defendant of his *Miranda* rights and arrested him for possession of a controlled substance. In a search of defendant, more cocaine was found in two cigarette boxes in his shirt pocket.

The State argues that under the circumstances of this case the police were entitled for their own protection to unzip the flight bag, glance inside for any immediately visible weapon and watch while an arrestee's companion removed his

own property from the bag. The State then argues that the cocaine in the bag was in plain view and subject to seizure. Finally, the State argues that, because the officer had probable cause to arrest defendant for possession of a controlled substance, he could then search defendant's person as incident to an arrest. The State's argument is not properly focused. The first and crucial question in this case is whether the police officer lawfully removed the bag from the vehicle.[1] We determine that he had no right to enter the car and remove the bag. Whether or not the officer properly searched the bag for weapons after the initial intrusion is not relevant.

■ Warrantless searches are *per se* unreasonable. *State v. Lowry,* 295 Or 337, 346, 667 P2d 996 (1983). Evidence obtained by an illegal search and seizure and the fruits therefrom must be excluded from evidence in a criminal prosecution. *State v. Davis,* 295 Or 227, 237, 666 P2d 802 (1983). When a defendant has objected to the introduction of evidence seized without a warrant, it is the State's burden to prove by a preponderance of the evidence that the search and seizure fall with an exception to the warrant requirement. *State v. Davis, supra. See also* ORS 133.693(4). The state does not contend that the search of the car was justified on the grounds of probable cause or exigent circumstances or that the search was incident to the arrest of Owens. Defendant was not under arrest, and the police officers had no objective reason to believe that the flight bag contained contraband at the time that they removed it from the vehicle. The purpose of the search and seizure was to inventory the contents of the car.

■■ An "inventory search" may be conducted without a warrant and without probable cause. *State v. Atkinson,* 298 Or 1, 688 P2d 832 (1984). However, lawful impoundment of a vehicle is a necessary prerequisite to an inventory of its contents under Article I, section 9. *State v. Atkinson, supra,* 298 Or at 8. The police in this case did not impound the vehicle. The initial intrusion into the car and the seizure of the flight bag were not justified by any exception to the warrant requirement of Article I, section 9. The discovery of contraband in the

---

[1] The State does not contest defendant's standing to object to the warrantless search of Owen's car.

bag was the fruit of the initial unlawful search and seizure. The trial court correctly suppressed the evidence.[2]

Affirmed.

---

[2] Because we hold that the search and seizure violated Article I, section 9, of the Oregon Constitution, we need not determine whether it also violated the Fourth and Fourteenth Amendments to the Federal Constitution.